PRESBREY-LELAND, INC., Plaintiff, *v.* JULIA S. SEMPLE, Defendant.

Supreme Court, Special Term, New York County, January 7, 1952.

*Elvin I. Unterman* for defendant.

*Bernard Wolf* for plaintiff.

STEUER, J. The parties entered into a written contract wherein defendant agreed to sell a certain mausoleum upon specified terms and conditions to plaintiff, and defendant further gave to plaintiff an irrevocable power of attorney to sell the lot upon which the mausoleum stands and defendant agreed to convey the lot to any purchaser pursuant to the power of attorney upon receipt of the purchase price. Plaintiff alleges that the terms and conditions for the purchase of the mauso-

leum have all been met except payment of the final installment which has been tendered. It further alleges that it has sold the lot to an unnamed purchaser and has tendered the agreed price and that defendant refuses to convey the lot to the purchaser. Plaintiff seeks specific performance.

Defendant moves to dismiss the complaint upon the ground that the plaintiff is not the real party in interest and the further ground that the complaint fails to state a cause of action. Both grounds are in reality the same, it being the argument that the only person being in a position to compel specific performance is the person to whom the property should be deeded, in this case the unnamed purchaser. Plaintiff seeks to come within one of the exceptions provided by section 210 of the Civil Practice Act, as to suits by a person not the real party in interest, namely, that plaintiff is " a person with whom or in whose name a contract is made for the benefit of another ". The contract that would be referred to would be the contract between plaintiff and defendant. The person for whose benefit it would be made would be the unnamed purchaser. But the contract was admittedly not made for his benefit, it was solely for the benefit of the parties. The admitted object of the contract was the sale of the lot and mausoleum as a unit. The purchase was for the purpose of resale at a profit. As this could not be legally done as regards the lot the contract took the form it did. It is therefore perfectly clear that the contract was not for the benefit of anyone other than the contracting parties.

Plaintiff argues that the complaint should not be dismissed because it is entitled to a part of the relief, namely, specific performance of that part of the contract which concerns the mausoleum. This would be true but the complaint as pleaded inextricably binds both parts of the contract together and it lacks any statement that the mausoleum, apart from the lot, is unique.

Motion is granted. Plaintiff may, if so advised, serve an amended complaint on or before January 17, 1952, on payment of $10 costs.